COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-410-CR

 

 

CALVIN R. KUYKENDALL                                                      APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 371ST DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Calvin R.
Kuykendall attempts to appeal his convictions for possession with intent to
deliver a controlled substance of four grams or more and for illegal
investment.  The jury found Appellant
guilty, and the trial court sentenced him to twenty-five years= confinement.  We dismiss the
appeal for want of jurisdiction.








Pursuant to rule 26.2 of the
rules of appellate procedure, a notice of appeal must be filed within thirty
days after the day sentence is imposed, or within ninety days after the day
sentence is imposed if the defendant files a timely motion for new trial.  Tex.
R. App. P. 26.2(a)(1), (2). 
Appellant did not file a motion for new trial; thus, his notice of
appeal was due October 17, 2007, but was not filed until October 24, 2007.  Appellant did not file a motion to extend the
time for filing the notice of appeal.  See
Tex. R. App. P. 26.3. 

On January 14, 2008, we
notified Appellant of the apparent untimeliness of his appeal and informed him
that we would dismiss the appeal unless he filed a response by January 24,
2008, showing grounds for continuing the appeal.  See Tex.
R. App. P. 44.3.  We did not
receive a response.








A first supplemental clerk=s record was subsequently filed on February 6, 2008.  It contained a February 5, 2008 order
appointing counsel for Appellant on appeal. 
We therefore notified Appellant=s appointed counsel on February 6, 2008, of our concern that we lacked
jurisdiction over the appeal.  Appellant=s counsel responded and explained that she had not been appointed to
represent Appellant until February 5, 2008, because of an alleged trial court
clerk error.  Although Appellant did not
file a motion for extension of time along with his late notice of appeal, his
counsel requested that we allow the appeal to proceed pursuant to the procedure
outlined in rule 26.3 and in the interest of justice; counsel essentially asks
that a motion for extension of time be implied as in civil appeals under Verburgt
v. Donner, 959 S.W.2d 615, 617 (Tex. 1997).

A notice of appeal that
complies with the requirements of rule 26 is essential to vest this court with
jurisdiction.  Tex. R. App. P. 26; see Slaton v. State, 981 S.W.2d
208, 210 (Tex. Crim. App. 1998).  The
court of criminal appeals has expressly held that, without a timely filed
notice of appeal or motion for extension of time, we cannot exercise
jurisdiction over an appeal.  See
Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); see also
Slaton, 981 S.W.2d at 210.  The court
has declined to adopt the liberal Acivil appellate approach@ that permits an appellant to invoke the jurisdiction of an appellate
court by merely filing a notice of appeal within fifteen days of its due date,
without the necessity of a timely filed motion for extension.  Olivo, 918 S.W.2d at 522B25; cf. Verburgt, 959 S.W.2d at 615.

 

 

 

 

 

 








Appellant never filed a
motion to extend the time to file the notice of appeal.  Because Appellant=s notice of appeal was untimely, we have no jurisdiction over this appeal.  See Olivo, 918 S.W.2d at 522B23; see also Slaton, 981 S.W.2d at 209B10.[2]  Accordingly, we dismiss this appeal for want
of jurisdiction.

 

PER CURIAM

PANEL D: 
HOLMAN, GARDNER, and WALKER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: 
March 20, 2008











[1]See Tex. R.
App. P. 47.4.





[2]Unlike the court of criminal
appeals, we cannot grant an out-of-time appeal. 
See Tex. Code Crim. Proc.
Ann. art. 11.07 (Vernon Supp. 2007).